1

2

3

4

5

6

7              IN THE UNITED STATES DISTRICT COURT

8            FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                  SAN FRANCISCO DIVISION

10

11                                          No. C 14-0520 RS

12   In re LARRY THAXTER JAMES,             **ORDER DENYING DEBTOR'S**
                                            **MOTION TO WITHDRAW**
13            Debtor.                       **REFERENCE**

14   _____/

15                      I.      INTRODUCTION

16        In this bankruptcy action, which is related to *CornerStone, et al. v. Larry Thaxter James, et*

17   *al.* (Case No. 12-1527), debtor Larry James requests the court withdraw the reference of his Chapter

18   7 case, which is currently pending before the bankruptcy court.  In James' bankruptcy case, which

19   was recently reopened, he objects to a proof of claim against the estate filed by Mary Anderson, a

20   plaintiff in the related civil case.  Because James fails to demonstrate that withdrawal is warranted,

21   his request is denied.

22                      II.     LEGAL STANDARD

23        Federal district courts have original jurisdiction over Title 11 bankruptcy matters.  28 U.S.C.

24   § 1334(a).  They may, however, refer all bankruptcy matters to a bankruptcy court.  *Id.* § 157(a).  In

25   certain circumstances, a referred case may be transferred from the bankruptcy court back to the

26   district court by withdrawing the reference.  28 U.S.C. § 157(d).  Withdrawal can be mandatory or

27   permissive, depending on whether resolution of the underlying proceeding "requires consideration

28

**United States District Court**
For the Northern District of California

United States District Court

For the Northern District of California

of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." *Id.* § 157(d).  Here, it is undisputed that withdrawal of the reference of James' bankrtupcy case is permissive, not mandatory.

Where withdrawal is not required, a "district court may withdraw . . . any case or proceeding referred [to the bankruptcy court] . . . for cause shown."  28 U.S.C. § 157(d).  "In determining whether cause exists, a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors."  *Security Farms v. Int'l Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997) (citing *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993)).  Moreover, the party seeking withdrawal carries the burden of persuasion.  *See, e.g., In re Homeland Stores, Inc.*, 204 B.R. 427, 430 (D. Del. 1997).

Before considering the *Security Farms* factors, the district court "should first evaluate whether the claim is core or non-core, since it is upon that issue that questions of efficiency and uniformity will turn."  *In re Orion Pictures Corp.*, 4 F.3d at 1101.  "In general, a 'core proceeding' in bankruptcy is one that 'invokes a substantive right provided by title 11 or . . . [is] a proceeding that, by its nature, could arise only in the context of a bankruptcy case.'"  *In re Gruntz*, 202 F.3d 1074, 1081 (9th Cir. 2000) (citing *In re Wood*, 825 F.2d 90, 97 (5th Cir. 1987)).

### III.   DISCUSSION

As an initial matter, it is undisputed that James' Chapter 7 action is a core proceeding. Moreover, although Anderson's underlying fraud claim is premised on state law, her proof of claim against the estate is a "core" proceeding, too.  *See In re G.I. Indus., Inc.*, 204 F.3d 1276, 1280 (9th Cir. 2000).  In the same respect, James' objection to Anderson's claim is also "core."  *See* § 157(b) ("Core proceedings include . . . allowance or disallowance of claims against the estate[.]").  In sum, James is requesting the district court withdraw the reference of a bankruptcy action that is, in its entirety, a "core" proceeding.  This is not, however, dispositive of the motion to withdraw—it is "merely a factor to consider."  *In re Daewoo Motor Am., Inc.*, 302 B.R. 308, 310 (C.D. Cal. 2003).

Turning to the first *Security Farms* factor, it is first unclear whether judicial efficiency would be served by withdrawal.  Although there is factual overlap between the civil case and the dispute

**United States District Court**
For the Northern District of California

over Anderson's proof of claim, the matters are not so intertwined that it would be inefficient for the bankruptcy court to determine whether Anderson's claim need be disallowed.  This is especially so in light of the recent order granting in part CornerStone's motion for summary judgment in the related civil action.  Second, withdrawing the reference would cause additional delays and impose unneeded costs on the parties.  It is likely that the Chapter 7 case, which was first filed in 2005, will be resolved more quickly if it remains in the bankruptcy court, which oversees such proceedings on a regular basis.  The third factor—the uniformity of bankruptcy administration—is apparently irrelevant here, where the debtor requests withdrawal of the entire case.  Fourth and finally, the parties all allege that some degree of forum-shopping is afoot.  Anderson and the Trustee contend that James' motion is motivated by a strategic desire to delay trial and deplete the estate's resources.  James, meanwhile, argues that Anderson's proof of claim is premised on a legal theory that is incompatible with positions she has taken in the civil matter.  There may be some truth to all of these allegations.  Nonetheless, it was James who opted to reopen his bankruptcy case in the first place.  On balance, the fourth factor does not weigh in favor of or against withdrawal.

In sum, James has not satisfied his burden of persuasion that permissive withdrawal is warranted.  His motion is denied.


IT IS SO ORDERED.


Dated: 4/17/14

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE